IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DONALD G. JACKMAN, JR.** ) | |
| **Plaintiff** ) | |
| ) | C.A. No. 08-237Erie |
| v. ) | District Judge Cohill |
| ) | Magistrate Judge Baxter |
| **UNITED STATES DEPT. OF JUSTICE,** ) | |
| et al. ) | |
| **Defendants.** ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I       RECOMMENDATION**

It is respectfully recommended that this action be dismissed for failure to state a claim in accordance with 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff's motion for leave to proceed *in forma pauperis* [Document # 1] should be dismissed as moot and Plaintiff's motion for emergency injunctive relief [Document # 3] should be dismissed as moot. The Clerk of Courts should be directed to close this case.

**II.     RECOMMENDATION**

   **A.     Procedural History**

Plaintiff, a federal inmate presently incarcerated at the FCI-Elkton, in Lisbon, Ohio, initiated this civil rights action, *pro se,* on August 15, 2008. Plaintiff has filed a motion for *in forma pauperis* status, as well as an emergency motion for injunctive relief, but Plaintiff has not filed a complaint.

This Court held a telephonic hearing on September 23, 2008, on the motion for emergency injunctive relief. At that hearing, the U.S Attorney's office made a limited appearance in this case as no service has been made.

1

Plaintiff is seeking § 2255 relief and is complaining about the withholding of funds from his prison account for various court fees. This Court is without jurisdiction to decide any of these issues and so this case should be dismissed for failure to state a claim.

**B.    Standard of Review**

On April 23, 1996, the Prison Litigation Reform Act (hereinafter, "Act"), Pub.L.No. 104-134, was enacted to amend 28 U.S.C. §1915, which establishes the criteria for allowing an action to proceed without payment of costs. Section 1915(e) states in relevant part: "The court shall dismiss the case at any time if the court determines that -- ...(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted..." A claim is frivolous if it: 1) is based upon an indisputably meritless legal theory and/or, 2) contains factual contentions that are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989). A plaintiff has failed to allege a section 1983 claim if the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). The U.S. Supreme Court has instructed that section 1915 provides the Court with the authority "... to dismiss a claim based on an indisputably meritless theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327.

A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should be done so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991); Boag v. MacDougall, 454 U.S. 364 (1982); Haines. Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v.

2

Roman, 116 F.3d 83 (3d Cir. 1997).

C.  **Subsequent Habeas Petition**

Plaintiff claims he is incarcerated illegally and seeks a "destructive device determination as required by 27 C.F.R. 478.27." See Transcript, page 3. Plaintiff seeks either release, the expungement of his records, or a retrial of his underlying criminal conviction. Id. at 5; Document # 3, page 51.[1] Plaintiff acknowledges that he has previously brought a § 2255 collateral attack against his conviction.

The issue of whether the instant petition constitutes a successive petition must be considered at the outset. See Wise v. Fulcomer, 958 F.2d 30, 35 (3d Cir. 1992); Rule 9(b) of the Rules Governing Section 2254 Cases, 28 U.S.C. § 2254. Federal district courts are specifically prohibited from entertaining claims presented in a subsequent habeas corpus application unless the appropriate federal court of appeals (here, the Third Circuit) first authorizes such a filing. 28 U.S.C. § 2244. The relevant amended language provides as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for

---

[1] Plaintiff does not specifically request monetary damages, but to the extent that his complaint may be liberally read to include such a prayer for relief, this civil rights action is precluded by Heck v. Humphrey [512 U.S. 447 (1994)] and its progeny. In Heck, the Supreme Court held that a prisoner could not maintain a § 1983 action for damages under the civil rights laws if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence ... unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487. The Court has summarized this so-called "favorable termination requirement" by explaining that a "prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). See also Hill v. McDonough, 574 U.S. 73 (2006); Muhammad v. Close, 540 U.S. 749 (2004). Here, it is clear from Plaintiff's filings, as well as Plaintiff's argument at the telephonic hearing, that the underlying criminal conviction has not been reversed or set aside as that is the ultimate relief he is seeking from this Court.

3

an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a *prima facie* showing that the application satisfies the requirements of this subsection.

28 U.S.C. § 2244(b)(3).

The United States Court of Appeals for the Third Circuit has described the proper procedure for subsequent petitions:

> we hold that anyone seeking to file a second or successive petition [...] must move in the appropriate Court of Appeal for an order authorizing the District Court to consider the application.

In Re Minarik, 166 F.3d 591, 609 (3d Cir. 1999). The Third Circuit has reiterated its position: "We have made it clear that '[u]nless both the procedural and substantive requirements of § 2244 are met, the District Court lacks authority to consider the merits of the petition.'" Goldblum v. Klem, 510 F.3d 204, 217 (3d Cir. 2007) quoting Benchoff v. Colleran, 404 F.3d 812, 816 (3d Cir. 2005).

Here, Plaintiff stated in the telephonic hearing that his initial § 2255 petition was denied and that he has not received permission from the Third Circuit pursuant to 28 U.S.C. § 2244 for allowance to file a subsequent petition in this federal district court. See Transcript. Therefore, this Court has no subject matter jurisdiction over this claim and it should be dismissed.

### D. Withholding of Funds

Plaintiff also seeks relief from certain ongoing financial obligations being deducted from his prison account. Because Plaintiff is currently incarcerated within the Northern District of Ohio and the persons controlling his prison account are located there, such a claim is not properly before this Court and should be dismissed. See Title 28 U.S.C. § 1391(b) (venue is proper in (1) a judicial district where any defendant resides, if all defendants reside in the same

state, or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.).

**III.    CONCLUSION**

For the foregoing reasons, it is respectfully recommended that this action be dismissed for failure to state a claim in accordance with 28 U.S.C. § 1915(e)(2)(B).  Further, Plaintiff's motion for leave to proceed *in forma pauperis* [Document # 1] should be dismissed as moot and Plaintiff's motion for emergency injunctive relief [Document # 3] should be dismissed as moot. The Clerk of Courts should be directed to close this case.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Failure to timely file objections may constitute a waiver of appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

 S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge

Dated: October 3, 2008